IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS HEART,<br><br>            Plaintiff,<br><br>   v.<br><br>INDIANA TRANSPORTATION, INC., and WENDELL WILSON,<br><br>            Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00058-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (ECF No. 26.) This case involves an automobile-pedestrian accident.  On January 12, 2016, Plaintiff Thomas Heart ("Plaintiff") filed a motion to amend his complaint to add a claim for punitive damages based on Defendant Indiana Transportation's alleged failure to properly supervise it employee. (ECF No. 25.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to amend.

## II.     MOTION TO AMEND

### a.   Summary of the parties' arguments

Plaintiff claims that he first learned of his alleged entitlement to punitive damages from the deposition of Defendant Indiana Transportation's corporate designee. (ECF No. 25 at 9.) Specifically, Plaintiff asserts that Indiana Transportation's knowledge of certain of Defendant Wendell Wilson's ("Mr. Wilson") violations of federal motor carrier regulations should have prompted Indiana Transpiration to take corrective action against Mr. Wilson. (*Id.*; ECF No. 28 at

2–4.) Plaintiff alleges that the failure to take corrective action evidences Indiana Transportation's reckless indifference to the rights of others.

Defendants argue that Plaintiff must meet the good cause standard set forth in Federal Rule of Civil Procedure 16 to justify the proposed amendment because Plaintiff's motion to amend was filed after the September 30, 2015, deadline for filing amended pleadings. (ECF No. 27.) Defendants argue that Plaintiff cannot show good cause here because he knew of Mr. Wilson's driving history by at least June 2015. (*Id.*) Notwithstanding that knowledge, Plaintiff did not seek this amendment until January 2016. Next, Defendants argue that the amendment is futile. Finally, Defendants request the court reopen fact discovery if the amendment is allowed.

### b. Legal standard

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014)). "Under Rule 16(b)(4), a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Id.* In practice, the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts. *Id.* (alterations omitted). If the party seeking amendment demonstrates good cause, the court should give leave to amend "freely," unless justice requires otherwise. *Birch* at 1247; Fed. R. Civ. P. 15(a)(2). Nonetheless, a motion to amend may be properly denied where the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

### c. Plaintiff demonstrates good cause to amend the scheduling order

Plaintiff has shown good cause to excuse his approximately three-month delay in seeking the present amendment. "Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery." *Gorsuch*, 771 F.3d at 1240. Plaintiff does not explicitly refer to Rule 16, yet he does argue that he learned new information. Plaintiff suggests he is entitled to punitive damages because Defendant Indiana Transportation acted recklessly by not taking corrective action in response to Mr. Wilson's alleged regulatory violations. As Plaintiff suggests, he could not have discovered all the facts he needed to allege entitlement to punitive damages until he took the deposition of Defendant Indiana Transportation's designee. (ECF No. 25 at 12.) That deposition did not occur until after the deadline for amendment passed. (*See id.*)

Defendants contend that Plaintiff should have been aware of his alleged entitlement to punitive damages when Plaintiff received Defendant Wilson's driving record in June 2015. (ECF No. 27 at 11.) The court disagrees. As Plaintiff points out, he needed not only the records, but also the designee's testimony about these records. In particular, Plaintiff needed to learn Indiana Transportation's response to the records. As Plaintiff indicates, he could not have understood this claim was available until the designee deposition because the designee provided several important facts. For example, Plaintiff did not know what efforts, if any, Indiana Trucking made to discipline Mr. Wilson for the violations in his driving record. (*See* ECF No. 28 at 2–4.) The driving records themselves do not contain evidence of Indiana Transportation's efforts to supervise or discipline Mr. Wilson. Thus, until Plaintiff took Indiana Transportation's deposition, he did not know when Indiana Transportation first learned of Mr. Wilson's violations, nor did Plaintiff know the extent of the company's efforts to discipline Mr. Wilson. (*See id.*) Plaintiff appears to have first learned this information during the November 2015

deposition.[1] (*Id.*) This newly-discovered information provides good cause to modify the scheduling order.

### d. Plaintiff's amendment does not appear futile

Turning to the factors that may justify denial of an amendment, Defendants argue that Plaintiff's amendment would be "futile because there are no facts that would adequately support a claim for punitive damages against Defendant Indiana Transport." (ECF No. 27 at 13.) Defendants suggest that the report regarding Mr. Wilson's driving record may be flawed. Defendant also suggests that even assuming the reports are true; the violations are "extremely minor." (*Id.* at 14.) Defendants also note the Mr. Wilson was not cited in this incident. (*Id.*)

The court does not find that the punitive damage claim would be futile because the complaint properly alleges a claim for punitive damages. In Utah, punitive damages may be awarded against a party engaging in "conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." Utah Code Ann. § 78B-8-201(1)(a). Plaintiff alleges that Indiana Transportation acted recklessly because it allowed Mr. Wilson to continue driving despite its knowledge that he committed regulatory violations and its admission that some of those violations could lead to "horrific accidents." (ECF No. 25 at 6–7.) Given the somewhat lenient review given to pleadings, these allegations appear to the court to support Plaintiff's proposed punitive damages claim. This is not the say the court is convinced an award is appropriate, or that the evidence will allow this claim to reach a jury. Instead, the court merely finds that the proposed claim does not appear futile.

---

[1] The court is also not persuaded by Defendants' argument that Plaintiff unjustifiably delayed in seeking the amendment after the designee deposition. In light of counsel's schedule and the holidays, the court does not find a lack of diligence here.

Also, the court is not persuaded by Defendants' evidentiary arguments because those arguments address only the persuasiveness of the evidence that bears on Plaintiff's proposed punitive damage claim. For example, Defendants point out that the driving record may not be entirely accurate. Yet, as Plaintiff points out, Defendant Indiana Transportation relies on that report. (ECF No. 28 at 5.) Based on this admitted reliance, Indiana's Transportation's reaction to that report is relevant here.

Next, Defendants' argument that Mr. Wilson did not commit any violation on the day of this accident does not convince the court that the proposed amendment is futile. The court does not express any opinion on Plaintiff's proposed spoliation motion. Nonetheless, the issue raised by Plaintiff regarding the purportedly-missing evidence suggests the claim is not presently futile. While further litigation could lead to dismissal of the punitive damages claim, that outcome is not certain. Based on the foregoing, the proposed amendment does not appear futile.

### e. The court will not extend fact discovery

#### 1. Defendants have not shown any prejudice

Defendants argue that they will be prejudiced by the amendment because fact discovery will have to be extended. Defendants cite to no case that indicates such a delay constitutes prejudice sufficient to deny a motion to amend. Moreover, as Plaintiff points out, Indiana Transportation does not explain how it is prejudiced by a lack of opportunity to conduct fact discovery of its own efforts to supervise Mr. Wilson. This information is presumably in Indiana Transportation's control. Thus, Defendants have shown no prejudice.

#### 2. Defendants have not shown good cause to extend the fact-discovery deadline

Finally, although Defendants request to extend discovery if the motion to amend is granted, Defendants have not demonstrated good cause to amend the discovery deadline.  Defendants

suggest Plaintiff has "drastically change[d] the landscape of this litigation at the end of fact discovery." (ECF No. 27 at 15.) Yet, Defendants make no further effort to explain their request for additional discovery. Defendants do not propose any particular discovery. Instead, they assert they need to "explore Plaintiff's new claim." (*Id.*) As stated above, the information relevant to Indiana Transpiration's supervisory efforts is within its control.

Defendants also point out that Plaintiff made additional disclosures shortly before the discovery deadline. Yet, Defendants do not explain what about these disclosures necessitates additional fact discovery. Plaintiff asserts the documents are not related to the punitive damages claim. The alleged additional disclosures turned over by Plaintiff do not, without more, justify a discovery extension. Further, as these documents are apparently unrelated to the motion to amend, Defendants should have filed a separate motion to extend discovery if they felt it necessary. *See* D. U. Civ. R. 7(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document.").

## III. ORDER

For the reasons analyzed above, the Court **GRANTS** Plaintiff's motion for leave to amend his complaint. (ECF No. 25.) Plaintiff shall file his amended complaint within fourteen (14) days of this order.

Dated this 31st day of May, 2016.

By the Court:

Dustin B. Pead
United States Magistrate Judge